IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| SANDRA KLINEBURGER and STEPHEN KLINEBURGER, individually and the marital community comprised thereof, | No. 81486-9-I |
| Appellants, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| KING COUNTY DEPARTMENT OF PERMITTING AND ENVIRONMENTAL REVIEW, | |
| Respondent. | |

CHUN, J. — Sandra and Stephen Klineburger appeal the trial court's affirmance of a hearing examiner's imposition of civil penalties related to a mobile home on their property (Property). Since the Klineburgers raise no issue warranting reversal, we affirm.

## I. BACKGROUND

The Klineburgers own property in King County that is entirely within a FEMA designated floodway and a Moderate Channel Migration Zone. On January 9, 2012, the King County Department of Permitting and Environmental Services issued a notice and order against the Klineburgers, "citing the placement and occupancy of a mobile home without the required permits, inspections, and approvals and encroaching upon an environmentally critical area."

Citations and pin cites are based on the Westlaw online version of the cited material.

The Klineburgers appealed the notice and order to a hearing examiner under the Land Use Petition Act (LUPA), chapter 36.70C RCW. The hearing examiner concluded that the Department of Ecology's denial of the Klineburgers' request for a floodway exemption bound King County and affirmed the notice and order. They then appealed the hearing examiner's decision to the superior court, which affirmed, and then to this court. In Klineburger v. King County Department of Development and Environmental Services Building, we affirmed the hearing examiner's decision.[1] 189 Wn. App. 153, 356 P.3d 223 (2015).

The Klineburgers also brought an administrative appeal before the Washington Pollution Control Hearings Board against the Department of Ecology related to the notice and order; the Board ruled against the Klineburgers and the trial court affirmed. The Klineburgers appealed and in Klineburger v. Department of Ecology,[2] we affirmed. Our Supreme Court denied review of Klineburger v. Department of Ecology on February 6, 2019.

On February 7, 2019, the King County Department of Local Services Permitting Division inspected the Property and, finding that the mobile home was still present 60 days past the date specified in its previous letter, imposed $7,200 in civil penalties. The Klineburgers appealed.

---

[1] We also reversed a ruling by the trial court that is not at issue here. Klineburger, 189 Wn. App. at 174.

[2] No. 76458-6-I (Wash. Ct. App. Aug. 13, 2018) (unpublished) http://www.courts.wa.gov/opinions/pdf/764586.pdf

On August 9, 2019, a hearing examiner affirmed the civil penalty order. The Klineburgers petitioned for review by the superior court of the hearing examiner's decision. King County moved for summary judgment to dismiss the Klineburgers' LUPA appeal, which motion the trial court granted.

The Klineburgers appeal.

## II. ANALYSIS

We review de novo a summary judgment ruling. Berst v. Snohomish County, 114 Wn. App. 245, 251, 57 P.3d 273 (2002). "We may affirm an order granting summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Id. "A genuine issue of material fact exists where reasonable minds could differ on the facts controlling the outcome of the litigation." Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). "When determining whether an issue of material fact exists, [we] must construe all facts and inferences in favor of the nonmoving party." Id.

The Klineburgers say that a genuine issue of material fact exists because the trial court should have, but did not conduct a hearing under RCW 36.70C.130(1)(b), (c), and (d), as ordered on remand by our opinion in Klineburger v. King County Department of Permitting and Environmental Review, No. 79028-5-I (Wash. Ct. App. Nov. 12, 2019) (unpublished)

3

http://www.courts.wa.gov/opinions/pdf/790285.pdf.[3]  But as King County notes,

our ruling in that case concerns an entirely different matter—an appeal of a

hearing examiner's decision from March 2018, which considered a notice and

order issued by King County on October 26, 2017.  Our remand for the trial court

to consider the hearing examiner's decision under RCW 36.70C.130(1)(b), (c),

and (d) on remand relates to the March 2018 hearing examiner decision at issue

in the linked appeal, not the August 2019 hearing examiner decision at issue

here.  And nothing in our prior decision, contrary to the Klineburgers' assertions,

held the civil penalties order in legal abeyance.[4]

The Klineburgers offer no other reason why we should reverse the trial

court's grant of summary judgment; thus, we conclude the trial court did not err.[5]

The Klineburgers also request an award of attorney fees under RAP 18.1

and RCW 4.84.370.  RCW 4.84.370 requires a court to award attorney fees and

costs to the prevailing party in a land use decision; but under RCW 4.84.370(2),

---

[3] We are to address this remanded matter in the linked appeal, Klineburger v. King County Department of Permitting and Environmental Review, No. 80928-8-I.

[4] The Klineburgers also say that the outcome of the instant appeal depends entirely on our disposition of the issues in the linked appeal.  To the contrary, the two matters lack any legal or factual relation.  The hearing examiner decision in the linked appeal relates to determinations that the Klineburgers improperly cleared and graded the Property and placed a cargo container without a permit.  The hearing examiner decision here relates to civil penalties imposed by King County because of the Klineburgers' failure to remove their mobile home from the Property as ordered.

[5] King County says we should affirm the trial court's grant of summary judgment because the Klineburgers lack standing, the King County Code bars them from relitigating the underlying code violations, and the hearing examiner and superior court lacked jurisdiction to alter the floodway and channel migration zone determinations. Given our conclusion above, we need not reach these issues.

the county "whose decision is on appeal is considered a prevailing party if its decision is upheld at superior court and on appeal." Thus, King County, not the Klineburgers, is the prevailing party here.

We affirm and deny the Klineburgers' request for attorney fees and costs.

_____Chun, J._____

WE CONCUR:

_____Coburn, J._____    _____Andrus, A.C.J._____